**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2108-15T4

DLJ MORTGAGE CAPITAL, INC.,

      Plaintiff-Respondent,

   v.

JOSEPH LUCCA,

      Defendant,

    and

COLETTE LUCCA a/k/a COLETTE M. LUCA,
his wife,

      Defendant-Appellant,

    and

BANK OF AMERICA, NATIONAL ASSOCIATION,
Successor by Merger to Fleet
National Bank, and STATE OF
NEW JERSEY,

      Defendants.

_____

      Submitted February 28, 2017 — Decided March 10, 2017

      Before Judges Fisher and Vernoia.

      On appeal from the Superior Court of New
      Jersey, Chancery Division, Bergen County,
      Docket No. F-030405-12.

Tomas Espinosa, attorney for appellant.

Milstead & Associates, LLC, attorneys for respondent (Mark E. Herrera, on the brief).

PER CURIAM

Defendant Colette Lucca appeals both a final judgment of foreclosure and an order which denied her motion to vacate that judgment. We find no merit in her arguments and affirm.

The record reveals that, in response to plaintiff DLJ Mortgage Capital, Inc.'s foreclosure complaint, defendant filed a timely answer and counterclaim and, also, moved to dismiss. Her motion was based, in part, on an assertion that plaintiff was not in possession of the original promissory note and, in part, on a claim that her signature on the note was forged. On the motion's return date, plaintiff's counsel physically showed defense counsel the original note, ostensibly resolving defendant's contention about plaintiff lacking standing to seek foreclosure. Judge Gerald C. Escala reserved on the balance of defendant's arguments and later denied the motion to dismiss for reasons set forth in a written opinion. A trial was thereafter scheduled.

At the conclusion of a two-day trial in April 2014, during which defendant presented her own testimony and the testimony of a forensic document examiner, Judge Escala found no impediment to foreclosure and, by way of an order entered on June 12, 2015, he

struck defendant's answer and counterclaim and returned the matter to the Office of Foreclosure. Final judgment was entered on July 28, 2015.

Defendant did not appeal the judgment or the orders that preceded it. Instead, on November 18, 2015, defendant moved for relief from the final judgment, asserting that her purported signature on the note was a forgery; she relied on her own certification, as well as the affidavit of a self-described "homeowner and [] blog publisher," who claims to have "devoted more than five thousand man-hours in the attentive study of all and every issue which interplays with details of securitized home loans and [their] relation to foreclosure." In denying the motion, Judge Escala provided a thorough written decision, which he appended to his December 10, 2015 order. The judge recognized that defendant previously presented arguments about the note and her execution of it when moving to dismiss and during the trial that followed. The judge also observed that defendant had not denied entering into the loan agreement, executing a note and mortgage, or being in default on the note since January 1, 2006.

Defendant appeals, arguing:

> I. THE APPEAL FROM THE FINAL JUDGMENT WAS TIMELY FILED BECAUSE [PLAINTIFF] NEVER SERVED A COPY OF THE FINAL JUDGMENT ON [DEFENDANT'S] ATTORNEY OR [DEFENDANT].

II. THE FINAL JUDGMENT SHOULD BE VACATED BECAUSE IT WAS OBTAINED BY FRAUD ON THE COURT.

A. [Defendant] raised the Fraud through the proceedings below.

B. [Defendant] Brought to the attention of the Court Below also the Matter of Fraud and Forgering [sic] During Trial.

C. Newly discovered Evidence that was found by the [Defendant] While Searching for Documents that Further corroborate the Fraud Committed by [Plaintiff] on the Court and the Claim of lack of Standing of the [Plaintiff].

III. THE MOTION TO VACATE . . . SHOULD HA[VE] BEEN GRANTED BECAUSE OF NEWLY DISCOVERED EVIDENCE.

IV. THE COMPLAINT SHOULD HA[VE] BEEN DISMISSED WITH PREJUDICE.

V. THE FAILURE TO PROVIDE DISCOVERY AS PER THE CASE MANAGEMENT ORDER WAS SUFFICIENT GROUND FOR DISMISSAL.[1]

We will assume there is merit to the argument in Point I, in which defendant claims her appeal of the final judgment is timely, but we find insufficient merit in all the other arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm the final judgment, the order that denied defendant's motion to dismiss, the order that struck defendant's answer and

---

[1] We have renumbered the points because defendant did not number some of them.

4

counterclaim, and the order denying defendant's motion to vacate, substantially for the reasons set forth by Judge Escala in his comprehensive and thoughtful written and oral decisions.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION